UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MUNDIAL GROUP, Inc. a Delaware corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>MUNDIAL MEDIA INC., a Delaware corporation,<br><br>　　　　　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT OF THE MUNDIAL GROUP, INC. FOR:**<br>　1)　**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**<br>　2)　**FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**<br>　3)　**NEW YORK STATE COMMON LAW UNFAIR COMPETITION**<br>　4)　**NEW YORK STATE COMMON LAW TRADEMARK INFRINGEMENT**<br>　5)　**STATUTORY DECEPTIVE BUSINESS PRACTICES UNDER NEW YORK GEN. BUS. LAW § 133**<br>　6)　**STATUTORY DECEPTIVE BUSINESS PRACTICES UNDER NEW YORK GENERAL BUSINESS LAW § 349(a)**<br>　7)　**STATUTORY DECEPTIVE BUSINESS PRACTICES UNDER NEW YORK GEN. BUS. LAW § 360-l**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Mundial Group ("Mundial") avers:

## I.　NATURE OF THE ACTION

1.　This is a complaint for injunctive relief, damages, lost profits, disgorgement of profits and other relief based upon trademark infringement, trademark dilution, and federal unfair competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, as amended

1

(hereinafter "Lanham Act"); New York State common law trademark infringement and unfair competition; and New York State statutory deceptive business practices under New York General Business Law §§ 133, 349 and 360-l.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action under 15 U.S.C. §1221 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (any act of congress relating to patents, copyrights and trademarks); 28 U.S.C. §1338(b) (action asserting a state claim of unfair competition joined with a substantial and related federal claim under the patent, copyright or trademark laws); 15 U.S.C. § 1121(a) (actions arising out of the Lanham Act); and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because some or a substantial part of the events giving rise to the claims in this action occurred in this judicial district.

4.    Defendant Mundial Media Inc. (hereinafter "Defendant") has transacted business within the County, City and State of New York ("Manhattan"). Defendant's purposeful activities include volitional acts by which it has availed itself of the privilege of conducting activities within New York State, such as operating its national sales operations in and out of an office located in Manhattan. Defendant's Manhattan based sales operations target consumers in that borough and form part of the basis for Mundial's claims herein. Defendant has hired employees in Manhattan as further set forth below. Defendant has invoked the protections and benefits of New York's laws by its purposeful availment of the privilege of conducting business within New York State. As set forth below, there is a substantial relationship between Defendant's transactions in New York State and Mundial's claims herein.

5.      Additionally, Defendant's general business operations conducted outside of New York State have caused damage to Mundial in New York and this District, which Defendant should have reasonably expected.  Defendant derives substantial revenue from services rendered in New York State and from interstate commerce.

6.      Accordingly, this Court has personal jurisdiction over Defendant and is the proper venue for adjudication of this action.

7.      Defendant has and maintains an office presence at 160 Varick Street, New York, New York 10003 for use in the conduct or transaction of its business operations ("Manhattan Location").  The Manhattan Location serves as a place for Defendant's national sales operations, directly targeting consumers within New York City and forming a substantial part of the basis for Mundial's claims.  Defendant has actively recruited and employed personnel in key positions within New York City, including Defendant's Vice President for National Sales, who works in and out of Defendant's Manhattan Location.  These employees are integral to Defendant's business operations and contribute to the damage to Mundial set forth below.

8.      Defendant has engaged in numerous business transactions within New York State, including partnerships and advertising campaigns which specifically target New York consumers with New York-based media outlets, such as New York News Wire.  For instance, in 2024, Defendant's advertising indicates that it secured an exclusive partnership with 433futbol.com, gaining access to and increased engagement with one of the most zealous soccer fan communities across the globe, including a large fan base in New York City.   Defendant has accordingly transacted business in the State of New York, and within this District specifically.  Defendant's activity in New York was and is purposeful and there is a substantial relationship between Defendant's business activity and Mundial's claims herein.

4914-0522-4230. v. 27

9.      433futbol.com positions itself as a digital realm where diverse cultures converse through soccer.  Founded by a Mexican-American former National Collegiate Athletic Association Division One soccer player from San Diego State University along with a professional content creator that brings a global perspective and storytelling process, 433futbol.com provides similar services to those of Mundial as set forth below.

10.     Defendant's contacts with this District are continuous and systematic, as evidenced by its ongoing business activities, employment practices and marketing efforts within New York State as set forth in more detail below.  Defendant's activities in New York are not isolated instances but rather part of a calculated strategy to establish a durable presence in the state. Defendant's activities in New York have caused and continue to cause Mundial damage including loss of prospective clients and consumers, along with confusion among those who remain. Defendant's purposeful availment of the benefits of conducting business in New York  only serves to aggravate the harm to Mundial.

## III. PARTIES

**A.    Plaintiff**

11.     Mundial is a corporation which was incorporated under the laws of the State of Delaware in December of 2006, having a principal place of business at 136 Madison Avenue, 5th Floor, New York, New York 10016.

12.     Mundial has been qualified to conduct business in New York State as a foreign business corporation since 2007.

13.     Mundial conducts a substantial part of its business in New York State and this District.

14.     Mundial is in the business of helping brands connect with diverse audiences in the United States, including but not limited to consumers in New York City.  Mundial provides

4

contextual imaging, which leverages Artificial Intelligence ("AI") to deliver ads that are contextually relevant, increasing consumer engagement and brand recall. Mundial provides custom sponsored content by creating branded editorial content, content hubs and takeovers across its publisher partners. Mundial's yield optimization services assists publishers optimize their content to maximize those publishers' potential revenue and performance. Mundial's innovative ad experiences offer high-impact ad formats that synch with their client's brand goals, which includes custom creative services and interactive ads. Mundial provides consumers with research insights which utilize contextual technology to gain comprehensive insights into brand alignment and the preferences of the consumers Mundial's clients seek to engage.

15.    Mundial adopted, has used and continues to use the service mark "MUNDIAL GROUP" (hereinafter "Mark" or "Mundial's Mark") in the conduct of its business since at least December of 2014.

**B.    Defendant**

16.    Defendant Mundial Media Inc. (hereinafter "Defendant") is a corporation incorporated under the laws of the State of Delaware having a principal place of business at 525 Santa Monica Boulevard, 208, Santa Monica, California, 90401.

17.    Defendant was incorporated in December of 2022, and postures itself as a company offering a range of services that are designed to help brands connect with diverse audiences, directly competing with Mundial. Like Mundial, Defendant claims that it offers contextual imaging which leverages AI to deliver ads that are contextually relevant, which increases consumer engagement and brand recall. As Mundial does, Defendant purports to create branded editorial content, content hubs and takeovers across its publisher partners. Defendant claims that, like Mundial, its yield optimization assists publishers to optimize their own content to maximize prospective revenue and enhance their performance. Defendant asserts that its own innovative ad

experiences offer high-impact ad formats that align with their client's brand goals, including custom creative and interactive ads, which Mundial has done since its incorporation nearly twenty years ago. Defendant claims, like Mundial, that its research insights utilize contextual technology to gain deeper insights into brand alignment and brand performance.

## IV. FACTUAL BACKGROUND

18. Mundial is a ten plus year-old publisher and advertiser with a unique blend of sports and lifestyle content engaging the Hispanic and other diverse communities in the United States. Among other things, Mundial licenses and produces original content for its own websites along with a select number of over 1,700 affiliated websites, commanding a prominent position in the Hispanic American marketplace.

19. As an online provider of entertainment services, Mundial produces on-line reviews of activities and information in the fields of sports, lifestyle, gaming and music. Mundial's information regarding sports, especially soccer, is disseminated by an online network which includes images, photographs, written stories and reviews.

20. Mundial's original programming includes series such as "Futbol Mundial Express", "Esto Es Futbol" (translated to "This is Soccer") and "Por TV". These popular series have growing viewership that has allowed Mundial to enter into advertising and publicity services agreements with third parties, wherein Mundial promotes those third parties' brand identity and disseminates commercial news by print and newsletter along with using audio, video, digital and online media. Mundial's performs its services for, *inter alia*, companies such as Wells Fargo Bank, AT&T Wireless, ATT Broadband, Cricket Wireless, McDonalds, Chevrolet, Verizon and Chrysler.

21. Mundial specializes in connecting brands with multi-cultural consumers, especially Hispanic Americans and the Spanish speaking world more broadly including but not limited to countries in South America where soccer is a major spectator sport. Mundial employs technology

6

to deliver advertising campaigns targeted at such consumers and works with a diverse range of clients across various industries. Mundial assists with its clients' brand outreach to multicultural consumers to foster brand loyalty and drive engagement with such consumers.

22.     Mundial's particular focus on engagement with Hispanic audiences has been especially successful in major American markets including, without limitation, New York City, Los Angeles, Chicago, Miami, Houston, Dallas and Phoenix.

23.     Mundial is the owner of the unregistered trademark "MUNDIAL GROUP". Mundial has been using the Mark in interstate commerce since at least December of 2014. Mundial made the first use of the Mark at least eight years before Defendant's incorporation to identify its services and has continuously used the Mark commercially ever since. As such, Mundial owns the Mark and has priority over the Mark over Defendant.

24.     Mundial has spent and continues to spend significant sums on advertising, including millions of dollars in expenditures to build up the fame, notoriety and goodwill in the Mark in numerous markets. Mundial's expenditures in this regard have produced impressive results. Mundial has received a significant amount of unsolicited media coverage of its services in the global market, including New York City.

25.     Mundial's success has led to Defendant's transparent attempt to usurp Mundial's Mark and generally falsely impersonate Mundial as set forth herein.

26.     Mundial's Mark is distinctive of Mundial's services in that it does not describe the services that Mundial provides. Mundial's diverse group of consumers must employ some level of imagination, thought and perception to connect the Mark to Mundial's services. Mundial's services are not "universal" or "worldwide" as the Spanish translation of that term would imply. Instead, Mundial is focused on soccer consuming countries with large populations of Spanish

4914-0522-4230. v. 27

language speakers, especially the United States (particularly New York City) along with Mexico and several countries across South America where soccer is widely popular with the consuming public.

27.     As a result of Mundial's efforts over the years, the Mark has acquired distinctiveness.  The Mark has a strong tendency to identify services which Mundial provides to the diverse consumer base that both parties now compete over.  The Mark has become so associated with Mundial's services in the decade or so since Mundial started to use it in commerce that no entity has filed any action or proceeding in a court of law, the Trademark Trial and Appeal Board, or administrative agency in any jurisdiction seeking to prevent Mundial from using the Mark.  Accordingly, the Mark is thus entitled to legal protection because it is, and has been, sufficiently distinctive to distinguish Mundial's services from those offered and rendered by others, including Defendant.

28.     Mundial's success has led to widespread accolades.  In particular, its founder and chief executive, Felix M. Sencíon ("Felix"), has been recognized by Crain's New York Business Magazine as a "top 40 under 40" business leader and profiled by the Museum of American Finance.   New York media institutions MSG Network and 1010 Wins honored Felix as Entrepreneur of the Year and designated him as a "future news maker" due to his work with and Mundial's ownership of the MUNDIAL GROUP.

29.     Defendant was incorporated on or about August 12, 2022.  Defendant has used an unregistered mark by the name of "Mundial Media" that is confusingly similar to Mundial's Mark in connection with its services as a Hispanic owned technology company focused on marketing and advertising brands to diverse audiences, specifically focusing on emerging segments of the American population such as Hispanic Americans.  Defendant's business model involves entering

into and maintaining relationships with publishers to expand its digital online presence, including publications that produce written materials in English and Spanish regarding sports. Defendant postures itself to be the leading contextual marketing platform focused on multicultural audiences such as Hispanics, directly competing with Mundial.

30. Defendant markets, advertises and promotes its services via a website with the domain name www.mundialmedia.com.

31. Defendant's use of the term "Mundial" in its mark in connection with services it provides across state lines and in Mundial's line of business has materially deceived Mundial's customers, clients, contacts and current and target audiences as further set forth below.

32. Defendant asserts that its business involves leveraging technology to deliver data-driven advertising campaigns that resonate with diverse cultural groups. Defendant purports to work with a broad range of clients across numerous industries and help companies by ensuring their brand connects with growing consumer groups such as Hispanic Americans.

33. Defendant regularly posts advertisements seeking job applicants for New York City based positions on professional websites such as LinkedIn. Defendant asserts to have doubled its workforce and seen a 341% increase in revenue between August of 2023 and July of 2024. Defendant asserts that its success is largely due to successful New York based campaigns for large brands.

34. Defendant has used New York News Wire for many of its press releases.

35. There is at least a high degree of similarity between Mundial's Mark and Defendant's mark. Both Mundial's Mark and Defendant's mark use the term "Mundial" as its dominant element in connection with offering the same services to the same diverse group of consumers. Pointedly, Defendant's use of the effectively identical or confusingly similar mark in

4914-0522-4230. v. 27

Mundial's line of business is likely to cause confusion, mistake and deception among ordinarily prudent consumers as to the source, origin, sponsorship or affiliation of Defendant's services. The similarity has had a material impact on Mundial's prospective consumers and clients (such as ad agencies for Wells Fargo Bank, Sprint Corporation, McDonalds, Chevrolet, Verizon, Chrysler, Bank of America, Cricket Wireless, Gatorade and others) in the form of the actual confusion that has already demonstrably occurred as described below.

36.    Mundial and Defendant both broadly target emerging segments of the American population when marketing their services, including but not limited to Hispanics. Mundial and Defendant both offer the same services to address the same needs of the same consumer base. While the targeted consumers have similarities including language and perhaps a passion for sports, they do not universally possess particularized experience and expertise with respect to the services that Mundial and Defendant provide and are thus more likely to be misled by Defendant's unlawful conduct. Defendant adopted its mark with the intention of capitalizing on Mundial's reputation and goodwill built up over at least ten (10) years with the same group of consumers, and has been somewhat successful as set forth in the communications between both parties' prospective business partners and contacts as set forth below.

37.    As an instance of actual confusion, on February 9, 2023, Alex DeRosa, a representative for a company doing business as Hearts & Science, and based in the County, City and State of New York ("Hearts & Science")- emailed, *inter alia,* Felix, Mariana Magadan and Tony Gonzalez ("February 2023 Email"). *Mariana Magadan and Tony Gonzalez are, were, or at all relevant times, employed by the Defendant, not Mundial.* Alex DeRosa advised that he "wanted to reach out to *Mundial Media* [i.e. the service mark under which Defendant conducts its business] about HM opportunities." (Emphasis supplied).

4914-0522-4230. v. 27

38.     Hearts & Science is a marketing agency with business operations focused on media planning and buying, content marketing and strategic consulting.

39.     Hearts & Science maintains its New York office at 195 Broadway in Manhattan, less than two miles from Defendant's Manhattan Location.

40.     As another instance of actual confusion, on August 11, 2023, Alexis Garcia ("Ms. Garcia"), a representative of Multicultural Business Solutions ("MCB"), an internal business unit of Horizon Media ("Horizon"), emailed Felix ("August 2023 Email") seeking the "2023 media kit" for both Futbol Mundial (another of Mundial's trademarks) and "Mundial Media".  On August 15, 2023, Ms. Garcia followed up on the August 2023 Email again seeking the "2023 media kit" for "Mundial Media", in the mistaken understanding that both Mundial and Defendant were one and the same corporation.

41.     MCB is a cross-cultural consulting company that focuses on increasing awareness about the impact of cultural differences in the workplace, by, *inter alia*, providing training programs to help organizations and individuals manage diversity, and transform challenges into opportunities.

42.     As another instance of actual confusion, on August 11, 2023, Ms. Garcia emailed Felix requesting the "2023 media kit for… Mundial Media" (i.e. Defendant) by the close of business that day.  Two days later, on August 15, 2023, Ms. Garcia made the same request via follow up email to Felix, showing continued additional confusion between Defendant and Mundial.

43.     Horizon Media is a leading media agency with operations focused on delivering data-driven marketing solutions to improve business outcomes for brands.  Horizon Media

operates under the philosophy that "Business is Personal" emphasizing human relationships and the importance of a diverse workforce to employees, organizations and their clients.

44.     Horizon Media maintains an office at 75 Varick Street in Manhattan, less than one mile from Defendant's Manhattan Location.

45.     As another instance of actual confusion, on April 1, 2024, James McKinney of The Proctor & Gamble Company emailed Felix and asked, "Is Mundial Group the same as Mundial Media?"

46.     As another instance of actual confusion, on May 30, 2024, Heather Robinson of Martin Retail Group ("MRG") emailed Felix and advised that Mariana Magadan, *an employee of Defendant*, has recently conferred with her with respect to the contextual technology and artificial intelligence capabilities *of Mundial*.

47.     MRG is an advertising agency that specializes in growing automotive brands at the local level.  MRG represents thousands of dealerships nationwide and places over one billion dollars of media annually to assist their clients sell more cars and trucks.

48.     On June 11, 2024, Mariana Vergara Schoonewolff, an employee of Hearts & Science, emailed Felix ("June 2024 Email") information regarding a "viewability rate" for "Mundial Media Inc".  As another instance of actual confusion, on July 3, 2024, Mundial received an order confirmation from OMD Worldwide ("OMD") directed to "Mundial Media Inc" with respect to a nationwide advertising campaign.

49.     OMD is a media communications agency headquartered in New York City.  Its business operations focus on media planning in general, delivering creative media solutions to drive sustainable growth for leading brands.  OMD's media solutions focus on cultural relevance

by seeking to connect with people at the right time and in the right place by understanding their values, interests and daily experiences.

50.    As another instance of actual confusion, on February 24, 2025, Laura Kakos of Kinesso sent an email to Felix regarding contextual targeting of the consumers that Mundial sought to reach with a subject line "Kinesso + Mundial Media _ Volvo Tier 1 Q2'25". Kinesso clearly confused Mundial and Defendant.

51.    Kinesso is a tech-driven performance agency that focuses on integrating media, data, audience, analytics, and creative architecture to unlock the full potential of brands. Kinesso delivers data-driven marketing solutions to its clients to meet their objectives.

52.    As another instance of actual confusion, on April 2, 2025, Olivia Pomarico of Publicis Media (the ad agency for Verizon) sent Felix a proposal with a subject line "Verizon OLV Terms and Conditions- *Mundial Media Inc.*" (Emphasis supplied). Publicis Media mistook Mundial and Defendant as one and the same corporation.

53.    As another instance of actual confusion, on April 8, 2025, Nikki Rossman of Publicis Media sent an email to Felix and Mariana Magadan, *an employee of Defendant* as set forth above, regarding a potential logo conflict. Individuals and entities are continuously confusing Mundial and Defendant, to the determinant of the former and benefit of the latter.

54.    Publicis Media is a global media agency network under Publicis Groupe. Publicis Media focuses on harnessing the power of the modern media landscape to drive one-to-one consumer engagement at scale. It provides data-driven marketing solutions to optimize business outcomes for its clients.

## FIRST CLAIM FOR RELIEF
### (False Designation of Origin- Lanham Act – Section 43(a))

55.    Mundial repeats and realleges each and every averment set forth in the foregoing paragraphs as though fully set forth herein.

56.    The marketing, dissemination and/or sale by Defendant of its services bearing unauthorized replications and colorable imitations of Mundial's Mark constitutes false designation of origin in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

57.    The foregoing actions of Defendant without permission or license from Mundial have been knowing, deliberate, willful and in utter disregard of Mundial's rights.

58.    Mundial has been damaged by the actual confusion created amongst the consumers that both parties seek to engage, the continuing likelihood of confusion inherent in Defendant's use of a mark effectively identical or substantially similar to Mundial's Mark and a loss of profits Mundial derives from the Mark's identification of services originating exclusively from Mundial.

59.    The above actions by Defendant constitute false designation of origin.  By reason of the foregoing, Defendant has violated and will continue to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unless enjoined by the Court.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition- Lanham Act – Section 43(a))

60.    Mundial repeats and realleges each and every averment set forth in the foregoing paragraphs as though fully set forth herein.

61.    Defendant's actions as set forth above amount to unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that they create, cause and/or contribute to a false association between Mundial's services and Defendant's services without Mundial's permission, authorization or license.

4914-0522-4230. v. 27

62.     Defendant has caused and contributed to consumer confusion as to the origin or source of, or affiliation between, Mundial's services and Defendant's services.  Defendant is rendering its services which use Mundial's Mark without Mundial's permission, authorization or license.

63.     The foregoing actions of Defendant have been knowing, deliberate, willful and in flagrant disregard of Mundial's rights.

64.     These wrongful acts by Defendant have actually and proximately caused and will continue to cause Mundial substantial damage and injury, including loss of customers, loss of profits, confusion of actual and potential customers, injury to its reputation, and diminution in value of its intellectual property.

65.     The above acts by Defendant constitute unfair competition.  By reason of the foregoing, Defendant has violated and will continue to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unless enjoined by the Court.

### THIRD CLAIM FOR RELIEF
### (New York State Common Law Unfair Competition)

66.     Mundial repeats and realleges each and every averment in the foregoing paragraphs as though fully set forth herein.

67.     Defendant's actions as set forth above amount to unfair competition in violation of the common law of New York.

68.     Defendant has engaged in unfair trade practices by misappropriating the skill, investments and labors of Mundial in bad faith and for its own unfair commercial advantage. Defendant has appropriated and used Mundial's Mark while competing against Mundial in the same line of business and territory which is likely to cause, and has caused, confusion as to the

15

origin of Defendant's services. Mundial has built up goodwill over many years which crosses state and national boundaries, and includes New York City.

69.    Defendant has misappropriated the commercial advantage, exclusively belonging to Mundial, derived from Mundial's use of the Mark.

70.    Defendant has and continues to misrepresent that Mundial's Mark is its own, without Mundial's license or permission, while targeting the same consumers in New York City (and beyond) that Mundial does with services that are the same as those which Mundial provides.

71.    The foregoing actions of Defendant have been knowing, deliberate, willful, and in utter disregard of Mundial's rights. Defendant acted in bad faith and with an intent to deceive the prospective consumers for both parties.

72.    Defendant's conduct must be restrained as Defendant has misappropriated Mundial's Mark for its own benefit.

73.    Defendant's wrongful acts have caused and will continue to cause Mundial irreparable harm. Mundial has no adequate remedy at law.

74.    Mundial is entitled to judgment enjoining and restraining Defendant from engaging in further acts of unfair competition, plus damages proximately caused by Defendant's conduct, including Mundial's loss of profits sustained due to Defendant's unlawful actions.

## FOURTH CLAIM FOR RELIEF
### (New York State Common Law Trademark Infringement)

75.    Mundial repeats and realleges each and every averment in the foregoing paragraphs as though fully set forth herein.

76.    Defendant's actions as set forth above amount to trademark infringement in violation of the common law of New York.

77. Mundial's Mark is valid and protected by law because Mundial made the first use of the Mark at least eight years before Defendant was even incorporated to identify its services and has continuously used the Mark commercially ever since. Mundial's Mark has acquired distinctiveness as an identifier of services exclusively provided by Mundial. Mundial's Mark is sufficiently distinctive to distinguish Mundial's services from those offered by others, including Defendant.

78. Mundial has continuously used the Mark in commerce since at least December of 2014, approximately eight years before Defendant commenced its use of its confusingly similar or effectively identical mark in approximately 2022.

79. Mundial's Mark has acquired distinctiveness in commerce in that the term "Mundial" is not merely linked with its strict English translation to "world" or "universal" but has acquired a secondary meaning as being associated with Mundial's services, which are marketed to the same segments of the population which Defendant associates with its own services, including but not limited to Hispanic Americans.

80. Defendant's use of Mundial's Mark in commerce as outlined above has created confusion and is likely to continue creating confusion as to the origin of Defendant's services.

81. Defendant has used Mundial's Mark in bad faith as Defendant knew, or should have known, that its use of its MUNDIAL MEDIA mark infringed on Mundial's rights. Defendant used its MUNDIAL MEDIA mark in a way that deceived the consumers of both parties.

82. The foregoing actions of Defendant have been knowing, deliberate, willful, and in utter disregard of Mundial's rights.

83. Defendant's wrongful acts have caused and will continue to cause Mundial irreparable harm. Mundial has no adequate remedy at law.

4914-0522-4230. v. 27

84. Mundial is entitled to judgment enjoining and restraining Defendant from engaging in further acts of trademark infringement.

## FIFTH CLAIM FOR RELIEF
### (New York Statutory Deceptive Business Practice- General Business Law § 133)

85. Mundial repeats and realleges each and every averment in the foregoing paragraphs as though fully set forth herein.

86. Defendant used its MUNDIAL MEDIA mark in commerce within the County, City and State of New York.

87. Defendant's use of Mundial's Mark was done in bad faith and in a manner that deceived the consuming public as set forth above.

88. Mundial is entitled to a judgment enjoining and restraining Defendant from engaging in further use or threatened use of Mundial's Mark.

## SIXTH CLAIM FOR RELIEF
### (New York Statutory Deceptive Business Practice- General Business Law § 349)

89. Mundial repeats and realleges each and every averment in the foregoing paragraphs as though fully set forth herein.

90. Defendant's conduct as set forth above was consumer oriented because it has a broad impact upon the consumers that both parties target and is not a mere unique private dispute between the parties herein.

91. Defendant's conduct was materially misleading because it is likely to mislead a reasonable consumer in the parties' markets, acting reasonably under the circumstances, to confuse Mundial and Defendant.

92. Mundial has been damaged as a result of Defendant's deceptive practices and conduct.

4914-0522-4230. v. 27

93.     Defendant willfully and knowingly violated New York General Business Law § 349 and Mundial is entitled to a monetary judgment that is three times the actual damages it sustained as a result pursuant to subsection (h) of that statute.

94.     Mundial has no adequate remedy at law and is entitled to an injunction preventing Defendant from using its mark which is substantially similar to Mundial's Mark.

## SEVENTH CLAIM FOR RELIEF
### (New York Statutory Deceptive Business Practice- General Business Law § 360-l)

95.     Mundial repeats and realleges each and every averment in the foregoing paragraphs as though fully set forth herein.

96.     Mundial's Mark has, over many years, become strongly associated with the specific services that it provides.

97.     Mundial's Mark is distinctive of Mundial's services.  Additionally, Mundial's Mark has acquired secondary meaning among the diverse consumers both parties target in that the Mark identifies services that are exclusively provided by Mundial.

98.     Defendant has used Mundial's Mark to identify its own services with those provided by Mundial which creates the likelihood that Mundial's Mark will no longer uniquely identify Mundial's services.

99.     Mundial has used the Mark in business since at least December of 2014.  Defendant adopted a substantially and confusingly similar mark to create the illusion that Mundial and Defendant are the same entity.

100.     Defendant intended that the diverse consumers both parties target to associate its services with those of Mundial.

4914-0522-4230. v. 27

101.    Defendant's conduct as set forth above has caused and is likely to cause dilution by the blurring of the Mundial Mark's ability to identify services exclusively provided by Mundial.

102.    Defendant's use of its substantially and confusingly similar mark has weakened the strong association between Mundial's Mark and the services which Mundial provides, as evidenced by, *inter alia*, the specific instances of confusion set forth above.

103.    Defendant's use of a mark which is substantially similar and effectively identical to Mundial's Mark is likely to injure Mundial's business reputation.

104.    Mundial has no adequate remedy at law.

105.    Mundial is entitled to a judgment enjoining and restraining Defendant from the continued use of its confusingly similar mark.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mundial prays for relief and judgment as follows:

A.    That judgment be entered in favor of Mundial and against Defendant on all claims for relief;

B.    That judgment be entered in favor of Mundial and against Defendant for all damages sustained by Mundial due to Defendant's wrongful, tortious and unlawful conduct, including, but not limited to, damages to enable correction of Defendant's confusing and infringing conduct, to be proven at trial;

C.    That the Court award Mundial punitive damages, including attorney's fees, because Defendant willfully, deliberately and in bad faith infringed upon Mundial's Mark, to be proven at trial;

D.    That Mundial's damages be trebled according to law.

4914-0522-4230. v. 27

E.   That the Court temporarily restrain and issue an injunction preliminarily and permanently enjoining Defendant, its officers, directors, principals, agents, servants, employees, representatives, successors and assigns, and all other persons in active concert or privity or participation with Defendant, jointly and severally, from: (1) directly infringing, contributorily infringing or authorizing infringement of Mundial's Mark; (2) continuing to market, advertise, promote or develop any services that infringe or contribute to the infringement of Mundial's intellectual property rights, including the dilution by blurring of Mundial's Mark, or to participate or assist in any such activity; (3) engaging in any other activity constituting unfair competition and unfair, misleading or deceptive trade practices, or activity constituting any damage to Mundial's intellectual property, reputation or goodwill;  (4) using the word "Mundial" as a trademark or service mark and anything confusingly similar thereto and (5) advertising, promoting and/or offering its services as "Mundial Media" or anything similar thereto.

F.   That the above injunctive relief be nationwide in effect.

G.   That the Court order Defendant to take down from its website(s), online stories and all other advertising and promotional materials any and all references to the term "Mundial", including but not limited to Defendant's references to "Mundial Media" or "Mundial Media, Inc." or "mundialmedia.com" or anything confusingly similar thereto;

H.   That the domain name www.mundialmedia.com be transferred to Mundial;

I.   That the Court direct Defendant to file a report under oath, within thirty (30) days of any Order of this Court granting Mundial the above described injunctive relief,

which sets forth in detail the manner and form in which Defendant has complied with such an Order;

J.  That the Court find that this case is exceptional;

K.  That Mundial be awarded its costs incurred in this action;

L.  That Mundial be awarded its lost profits sustained as a result of Defendant's wrongful, tortious and unlawful conduct, to be proven at trial;

M.  That Mundial be awarded its attorneys' fees incurred in this action;

N.  That Mundial be awarded pre-judgment interest and post-judgment interest;

O.  That the Court direct Defendant to account under oath for the entirety of its profits since its incorporation in December 2022 due to the significant benefit Defendant has derived from its wrongful, tortious and unlawful conduct;

P.  That the Court award Mundial the entirety of Defendant's profits from December of 2022 through the date of a final judgment in this action;

Q.  That the Court order Defendant to destroy all labels, signs, prints, packages, wrappers, receptables, advertisements, and any other written and printed materials within its possession custody or control bearing the word or term "Mundial" or anything substantially similar thereto including but not limited to "Mundial Media"; and

22

R.     That Mundial be awarded such other and further relief as the Court may deem just

and proper.

DATED:  New York, New York
           June  23, 2025

                                 LEECH TISHMAN ROBINSON BROG, PLLC

By _____

          Alan M. Kindred
          New York State Registration No. 2086189
          akindred@leechtishman.com
          Daniel E. Kelly
          New York State Registration No. 5403761
          dkelly@leechtishman.com
          One Dag Hammarskjöld Plaza
          885 Second Avenue, 3rd Floor
          New York, NY 10017
          Phone: (212) 603-6300
          Attorneys for Plaintiff The Mundial Group, Inc.

4914-0522-4230. v. 27

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Mundial hereby demands

a jury trial on all issues triable to a jury.

DATED:  New York, New York
          June 23, 2025

                      LEECH TISHMAN ROBINSON BROG, PLLC

By   _A.M. Kdred_

        Alan M. Kindred
        New York State Registration No.:
        2086189
        akindred@leechtishman.com
        Daniel E. Kelly
        New York State Registration No: 5403761
        dkelly@leechtishman.com
        One Dag Hammarskjöld Plaza
        885 Second Avenue, 3rd Floor
        New York, NY 10017
        Phone: (212) 603-6300
        Attorneys for Plaintiff The Mundial Group, Inc.

4914-0522-4230. v. 27